**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| REZA FARZAN,<br><br>                       Plaintiff,<br><br>                       v.<br><br>PATRICIA CLEARY *et al.*,<br><br>                       Defendants. | Civil Action No. 19-705 (MAS) (DEA)<br><br>**MEMORANDUM OPINION** |

**SHIPP, District Judge**

      This matter comes before the Court on Defendants Honorable Patricia Del Bueno Cleary, P.J.Ch. (Ret.), Honorable Katie A. Gummer, P.J.Ch., Honorable Clarkson S. Fisher, Jr., J.A.D., Honorable Thomas W. Sumners, Jr., J.A.D., Honorable Paul Innes, P.J.Ch. (Ret.), Honorable Stuart Rabner, C.J., Honorable Joseph P. Quinn, P.J.Cv., Michelle Smith, Clerk of the Superior Court, New Jersey Office of Foreclosure, and Gurbir S. Grewal, Attorney General of New Jersey's ("State Defendants") Motion to Dismiss Plaintiff's Amended Complaint (ECF No. 31), and Defendant Monmouth County Clerk Christine Giordano Hanlon's ("Defendant Hanlon," and collectively with State Defendants, "Defendants") Motion to Dismiss Plaintiff's Amended Complaint (ECF No. 32).[1] Pro se Plaintiff Reza Farzan ("Farzan") opposed both Motions together (ECF No. 33), and State Defendants replied (ECF No. 34). The Court then stayed and administratively terminated this matter pending a decision by the United States Court of Appeals

---

[1] Plaintiff also names the "Monmouth County Hall of Records" as a defendant in the caption of his Amended Complaint, yet there is no such governmental entity by that name. (*See* Defendant Hanlon's Moving Br. 2-3, ECF No. 32-1.)

for the Third Circuit in *Farzan v. JP Morgan Chase Bank, N.A.*, No. 19-3925, 2022 WL 17336211 (3d Cir. Nov. 30, 2022) (the "Third Circuit Opinion"). (ECF No. 35.) Before the Court is also Farzan's Motion to Grant a Speedy Hearing. (ECF No. 39.) Defendants opposed (ECF Nos. 43, 44), and Farzan replied (ECF No. 45). The Court has carefully reviewed the parties' submissions and decides the matter without oral argument under Local Civil Rule 78.1. For the reasons below, the Court denies Farzan's Motion and grants Defendants' Motions.

I.  **BACKGROUND**[2]

This dispute arises out of a New Jersey Superior Court foreclosure action. (*See generally* Am. Compl., ECF No. 28.) In February 2005, Farzan obtained a mortgage-loan. (State Defs.' Moving Br., Ex. A, Foreclosure Compl. ¶ 7, ECF No. 31-2.) In 2009, the originator of the loan transferred the mortgage and note to JP Morgan Chase Bank, N.A. ("Chase"). (*Id.* ¶ 14.) In 2014, Chase prepared an affidavit of lost note and, soon thereafter, transferred its interest to Bayview Loan Servicing LLC ("Bayview") (*id.* ¶¶ 14-16; Am. Compl. 7); Farzan alleges that this affidavit and the transfer to Bayview are fraudulent, in part because, confusingly, Bayview never had the note and, thus, could not have lost it. (Am. Compl. 7.) In 2016, Bayview claimed that Farzan was delinquent in his loan payments and instituted foreclosure proceedings in New Jersey state court. *Farzan*, 2022 WL 17336211, at *1. In that action, Farzan unsuccessfully argued, among other things, that Bayview lacked the right to foreclose because the 2009 transfer, the 2014 affidavit of lost note, and the 2014 transfer were all invalid. *Id.* The state court granted Bayview's motion for summary judgment. *Id.* Since then, Farzan has filed a flurry of papers in both state and federal court. (*See* State Defs.' Moving Br. 6-8 (detailing the procedural history)); *see also, e.g., Bayview Loan Servicing LLC v. Farzan*, 720 F. App'x 678 (3d Cir. 2018); *Bayview Loan Servicing,*

---

[2] Because of the complicated and lengthy procedural history in this case, the Court recounts only certain facts it deems relevant.

*LLC v. Farzan*, 236 N.J. 260 (2019); *Bayview Loan Servicing, LLC v. Farzan*, 234 N.J. 579 (2018). Most recently, in November 2022, the Third Circuit Court of Appeals affirmed the Court's dismissal of Farzan's complaint in a related suit based on New Jersey's preclusion rules and New Jersey's Entire Controversy Doctrine. *Farzan*, 2022 WL 17336211, at *1-2.

Farzan brings the instant, now familiar, action against various public officers and servants in their official and individual capacities under 42 U.S.C. § 1983 and alleges violations of the United States Constitution, the New Jersey Constitution, federal statutes, New Jersey statutes, New Jersey's Code of Judicial Conduct, the Federal Rules of Civil Procedure, and the New Jersey Rules of Court, namely on the grounds of discrimination and fraud. (*See* Am. Compl. 4.) In regard to violations of the United States Constitution, Farzan specifically alleges violations of the First, Fourth, Fifth, Seventh, and Fourteenth Amendments. (*Id.*) Farzan requests this Court to issue injunctive relief and a declaratory judgment to, among other things, enforce a series of laws. (*Id.* at 7-8.) Now before the Court are Farzan's Motion to Grant a Speedy Hearing and Defendants' Motions to Dismiss, which the Court reinstates; the Court, accordingly, considers these Motions together. (*See* ECF No. 43 (correspondence from State Defendants requesting that should the Court consider Farzan's Motion to Grant a Speedy Hearing, the Court also reinstate and hear their Motion to Dismiss), ECF No. 44 (correspondence from Defendant Hanlon concurring with State Defendants' request).) The Court addresses each Motion in turn.

## II. **LEGAL STANDARD**

Federal Rule of Civil Procedure 57 provides, in relevant part, that "[t]he court may order a speedy hearing of a declaratory-judgment action."[3] "Beyond the general warrant for a district court to permit a speedy hearing, the rule does not provide specific guidance as to the

---

[3] Hereinafter, all references to a "Rule" or "Rules" refer to the Federal Rules of Civil Procedure.

3

circumstances in which an expedited proceeding will be appropriate." *County of Butler v. Wolf*, No. 20-677, 2020 WL 2769105, at *2 (W.D. Pa. May 28, 2020). District courts have "broad discretion" in deciding whether expedited proceedings are warranted, stemming from their "inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases." *Id.* (internal quotation omitted); *see also Tri-State Generation & Transmission Ass'n v. BNSF Ry. Co.*, No. 08-272, 2008 WL 2465407, at *7 (D. Ariz. June 17, 2008) ("[I]t is within the [c]ourt's discretion to order a speedy hearing on [p]laintiffs' declaratory judgment claim."). District courts have looked to various factors when considering whether to expedite proceedings under Rule 57. For example, they have considered whether expediting determination of the requested declaratory judgment "will streamline and narrow issues for discovery and trial, even if it will not entirely resolve the controversy." *Walsh/Granite JV v. HDR Eng'g, Inc.*, No. 17-558, 2018 WL 10228381, at *1 (W.D. Pa. Jan. 3, 2018); *Allergan, Inc. v. Valeant Pharms. Int'l, Inc.*, No. 14-121, 2014 WL 4181457, at *3 (C.D. Cal. Aug. 21, 2014) ("One factor that a district court may consider is whether declaratory judgment would 'terminate the controversy' or at least substantially narrow the issues." (citations omitted)). Expedited proceedings are especially warranted where there are imminent or ongoing violations of important rights. *See County of Morris v. Nationalist Movement*, 273 F.3d 527 (3d. Cir. 2001).

When deciding a motion to dismiss under Rule 12(b)(6),[4] the Court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine

---

[4] State Defendants also seek dismissal for lack of subject matter jurisdiction under Rule 12(b)(1). (State Defs.' Moving Br. 10.) Because the Court ultimately dismisses on preclusion grounds, the Court need not resolve the jurisdictional issue. *See Graboff v. Am. Ass'n of Orthopaedic Surgeons*, 559 F. App'x 191, 193 n.2 (3d Cir. 2014) (internal citation and quotation omitted); *see Farzan*, 2022 WL 17336211, at *1 n.1 (the Third Circuit explaining that it need not conclusively resolve certain issues raised below "because preclusion principles are dispositive of Farzan's claims"), n.2 (the Third Circuit explaining that it can reach the preclusion defense in the Rule 12(b)(6) context).

whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). Importantly, on a Rule 12(b)(6) motion to dismiss, "[t]he defendant bears the burden of showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005) (citing *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991)).

"[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Nonetheless, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted). A complaint must set forth "a short and plain statement of the claim," Fed. R. Civ. P. 8(a)(2), which gives the defendant "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). The complaint must contain "'sufficient factual matter to show that the claim is facially plausible,' thus enabling 'the court to draw the reasonable inference that the defendant is liable for [the] misconduct alleged.'" *Warren Gen. Hosp. v. Amgen Inc.*, 643 F.3d 77, 84 (3d Cir. 2011) (quoting *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009)). In the end, a court will grant a motion to dismiss brought under Rule 12(b)(6) if the factual allegations in the complaint are insufficient "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

## III. DISCUSSION

### A.  Motion to Grant a Speedy Hearing

As a preliminary matter, the Court quickly dismisses Farzan's Motion to Grant a Speedy Hearing as moot and, thus, need not conduct the Rule 59 analysis. Farzan's fifty-page brief is a labyrinth of procedural history and summaries of various court decisions and laws, but its essence boils down to Farzan's understandable desire for emergent relief to protect his home from foreclosure proceedings. (*See* Farzan's Moving Br. 7, ECF No. 39-1 ("[Farzan] filed this emergent motion because there is a real controversy between [Farzan] and the five parities [sic] who . . . have been trying to take [his] home for free without [] due process. . . .").) As explained further below, the recent Third Circuit Opinion, however, disposes of essentially the same claims upon which Farzan seeks emergent relief in this action, including his claims that certain events—such as the 2014 affidavit of lost note and 2014 transfer—leading up to the foreclosure proceedings were fraudulent. (*See, e.g., id.* at 40-42 (Farzan explaining how certain assignments, such as the affidavit of lost note, were not authenticated).) As such, the Third Circuit Opinion renders moot Farzan's Motion to Grant a Speedy Hearing. The Court, accordingly, denies Farzan's Motion.

### B.  Motions to Dismiss[5]

The Court also quickly concludes that Defendants' Motions to Dismiss should be granted. Upon reviewing the nesting doll of claims and actions, the Court finds that Farzan's Amended Complaint raises substantially similar—if not the same—claims that the Third Circuit Opinion has now rejected based on preclusion grounds; the Third Circuit Opinion found that Farzan already

---

[5] Because the Court disposes of Defendants' Motions to Dismiss on the same grounds, the Court considers both Motions together.

raised these same claims in the foreclosure action.[6] *See Farzan*, 2022 WL 17336211, at *1. And any differences between Farzan's claims in this action and those adjudicated by the Third Circuit Opinion (and, thus, the preceding foreclosure action) would be barred by New Jersey's Entire Controversy Doctrine, as the Third Circuit Opinion further explains:

> Moreover, to the extent there is any difference between the claims or parties in the two actions, Farzan's claims are nevertheless barred by New Jersey's Entire Controversy Doctrine. Under this doctrine, a party must bring in one action "'all affirmative claims that [it] might have against another party, including counterclaims and cross-claims,'" and must join "'all parties with a material interest in the controversy,'" or "be forever barred from bringing a subsequent action involving the same underlying facts." [*Rycoline Prod., Inc. v. C & W Unlimited*, 109 F.3d 883, 885-86 (3d Cir. 1997)] (alteration in original) (quoting *Circle Chevrolet Co. v. Giordano, Halleran & Ciesla*, 662 A.2d 509, 513 (N.J. 1995)). This doctrine bars any variations of the claims concerning the allegedly fraudulent transactions that Farzan seeks to raise in this action. *See* [*Delacruz v. Alfieri*, 145 A.3d 695, 708 (Law. Div. 2015)] ("Claims or defenses that went to the validity of the mortgage, the amount due, or the right of [mortgagee] to foreclose had to be raised in the foreclosure proceeding or they were barred.").

*Farzan*, 2022 WL 17336211, at *2. The Court, accordingly, grants Defendants' Motions to Dismiss because Farzan's claims are barred by, per the reasoning of the Third Circuit Opinion, both the rules of preclusion and the Entire Controversy Doctrine.

---

[6] (*Compare, e.g.*, No. 19-5156 Compl. 5, ECF No. 1 (Farzan alleging that on February 12, 2014, "Chase fabricated the Affidavit of Lost Note") *with* Am. Compl. 7 (Farzan alleging that on February 12, 2014, "Chase fabricated an affidavit of lost note").)

## IV. CONCLUSION

For the foregoing reasons, the Court denies Farzan's Motion and grants Defendants' Motions. An appropriate order will follow.

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE