UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| REZA FARZAN,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>PATRICIA CLEARY *et al.*,<br><br>　　　　　Defendants. | Civil Action No. 19-705 (MAS) (DEA)<br><br>**MEMORANDUM ORDER** |

**SHIPP, District Judge**

　　This matter comes before the Court on Plaintiff Reza Farzan's ("Farzan") Motion for Reconsideration and Motion for Leave to File an Amended Complaint. (ECF No. 55.) Defendants Honorable Patricia Del Bueno Cleary, P.J.Ch. (Ret.); Honorable Katie A. Gummer, P.J.Ch.; Honorable Clarkson S. Fisher, Jr., J.A.D.; Honorable Thomas W. Sumners, Jr., J.A.D.; Honorable Paul Innes, P.J.Ch. (Ret.); Honorable Stuart Rabner, C.J.; Honorable Joseph P. Quinn, P.J.Cv.; Michelle Smith, Clerk of the Superior Court; New Jersey Office of Foreclosure; and Gurbir S. Grewal, Attorney General of New Jersey (collectively, the "State Defendants") opposed (ECF No. 56), and Farzan replied (ECF No. 57). The Court has carefully considered the parties' submissions and decides the matter without oral argument under Local Civil Rule 78.1. For the reasons below, the Court denies Farzan's Motion for Reconsideration and Motion for Leave to File an Amended Complaint.

　　The Court need not recite the facts and instead adopts the background from its January 4, 2023 Memorandum Opinion ("Memorandum Opinion"). (*See* Mem. Op. 2-3, ECF No. 51.) Farzan's Motion for Reconsideration zeroes in on the Memorandum Opinion, which denied his

reconsideration only when 'dispositive factual matters or controlling decisions of law' were presented to the court but were overlooked." *Id.* (quoting *Resorts Int'l v. Greate Bay Hotel & Casino, Inc.*, 830 F. Supp. 826, 831 (D.N.J. 1992); *Khair v. Campbell Soup Co.*, 893 F. Supp. 316, 337 (D.N.J. 1995)).

Here, Farzan alleges that the Memorandum Opinion included multiple errors; these allegations, however, do not rest on one of the three factors necessary to succeed on a motion for reconsideration. (*See* Pl.'s Moving Br. 15-19, ECF No. 55-1.) First, Farzan questions various factual and legal underpinnings of the Memorandum Opinion. (*See id.*) He fails to assert dispositive factual matters or controlling decisions of law that support his positions. Instead, Farzan continues to ask the Court to "rethink" what this Court, and others, have already examined—namely, the alleged forged fraudulent assignment of a bank note against his house. (*See, e.g.*, Pl.'s Moving Br. 16 ("In 2009[,] Chase Home Finance LLC (Chase) did not have any evidence against [Farzan's] house . . . so it forged the fraudulent assignment."); Mem. Op. 2, 6-7 (explaining that the Third Circuit Opinion found that Farzan had already raised these same claims, including his claim of fraudulent assignment, in an underlying foreclosure action).); *see also Interfaith Cmty. Org.*, 215 F. Supp. 2d at 507.

As one specific example, Farzan disputes the Memorandum Opinion's assertion that in 2009, the originator of his loan transferred the mortgage and note to Chase; he contends that American Mortgage Network Inc. ("American Mortgage") originated the loan and mortgage, and that after April 2005, there was no "nominee relationship" between American Mortgage and Mortgage Electronic Registration Systems, Inc. (Pl.'s Moving Br. 15; Mem. Op. 2.) But, confusingly, in his Amended Complaint, Farzan himself alleged that Mortgage Electronic Registration Systems, Inc. sold the note and servicing rights to Chase on behalf of American

3

Mortgage in 2009. (Am. Compl. 7 ("On 2/27/2009[,] Mortgage Electronic Registration Systems[,] Inc.[,] [o]n behalf of American Mortgage[,] sold the note and servicing rights to Chase."), ECF No. 28). In the Memorandum Opinion, the Court simply referred to the complaint in the underlying foreclosure action asserting the same. (*See* Mem. Op. 2.) Thus, there appears to be no factual dispute, let alone a new dispositive factual matter, that would alter the outcome here.

Second, Farzan alleges that the Memorandum Opinion improperly dismissed his Amended Complaint due to "formatting mistakes." (Pl.'s Moving Br. 18.) Farzan appears to take issue with the Memorandum Opinion's promulgation of the legal standard for a motion to dismiss that a complaint must contain "sufficient factual matter to show that the claim is facially plausible," which Farzan asserts "seems to be a pleading rule" that the Court should have declined to strictly follow given his pro se status. (*Id.* at 17-18 (internal quotations omitted).) As explained, however, the Court dismissed Farzan's Amended Complaint based solely upon the Third Circuit Opinion, which had itself affirmed dismissal of Farzan's claims based on preclusion grounds and the Entire Controversy Doctrine. (Mem. Op. 6-7.) As Farzan himself admits in his brief, "[he] did [his] best" to comply with the Entire Controversy Doctrine. (Pl.'s Moving Br. 17.) Persistent as Farzan's efforts are to comply with well-established legal doctrine, they do not satisfy the criteria for a motion for reconsideration.

Because Farzan has not shown a clear error of law or fact or manifest injustice, the Court denies Farzan's Motion for Reconsideration. The Court further denies, as moot, Farzan's Motion for Leave to File an Amended Complaint. Again, the Court previously dismissed Farzan's Amended Complaint *with prejudice* following the issuance of the Memorandum Opinion, which the Court now declines to reconsider. (ECF No. 52.)

4

For these reasons, and other good cause shown,

**IT IS THEREFORE,** on this 27th day of March 2023, **ORDERED** as follows:

1. Farzan's Motion for Reconsideration (ECF No. 55) is **DENIED.**

2. Farzan's Motion for Leave to File an Amended Complaint (ECF No. 55) is **DENIED.**

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

5